City Natl. Bank v Morelli Ratner, P.C. (2019 NY Slip Op 01541)





City Natl. Bank v Morelli Ratner, P.C.


2019 NY Slip Op 01541


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8601 158388/14

[*1]City National Bank, Plaintiff-Respondent,
v
Morelli Ratner, P.C., et al., Defendants-Appellants.


Kasowitz Benson Torres LLP, New York (Marc E. Kasowitz of counsel), for appellants.
Gibson, Dunn & Crutcher LLP, New York (Robert L. Weigel of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered February 20, 2018, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Plaintiff seeks to collect the outstanding balance of a loan. Defendants do not dispute the existence of the loan or that it has not been fully paid, but claim that its terms were altered by a subsequent oral modification agreement.
The record is clear that the parties were never truly in agreement on the terms of such a modification (see Silber v New York Life Ins. Co., 92 AD3d 436, 439-440 [1st Dept 2012]). Contrary to defendants' contention, the terms in dispute were not merely ancillary or immaterial (see generally Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-591 [1999]).
Even if the parties had come to an oral agreement, it would be void under the statute of frauds because it was not capable of being fully performed within one year (see General Obligations Law § 5-701[a][1]; D & N Boening v Kirsch Beverages, 63 NY2d 449, 454 [1984]). By defendants' own admission, the agreement was for a period of between 2 and 3 years - notwithstanding their intention to pay the loan off sooner (see Marcus v C.I.F. Inc., 26 AD2d 923 [1st Dept 1966]). The failure to reduce the agreement to writing may not be excused by defendants' alleged partial performance thereof, as this Court has definitively held that the partial performance exception does not apply to GOL § 5-701 - the provision at issue here (see Gural v Drasner, 114 AD3d 25, 29-32 [1st Dept 2013], lv dismissed 24 NY3d 935 [2014]).
The motion court did not err in considering plaintiff's summary judgment motion, notwithstanding that it had previously moved for summary judgment in lieu of a complaint, because the motion was supported by at least some new evidence and "the policy against multiple summary judgment motions has no application where, as here, the first motion, made before discovery, is denied on the ground of the existence of a factual issue which, through later uncovering of the facts, is resolved or eliminated" (Freeze Right Refrig. & A.C. Servs. v City of New York, 101 AD2d 175, 180-181 [1st Dept 1984]; see Jones v 636 Holding Corp., 73 AD3d 409, 409 [1st Dept 2010]).
We find defendants' affirmative defenses to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK